IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 15-00083 |
| | ) | |
| BENJAMIN MEEK MILLER CHILDERS II) | | |

## PLEA AGREEMENT

The defendant, **BENJAMIN MEEK MILLER CHILDERS, II**, represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1. The defendant understands his rights as follows:

    a. To be represented by an attorney;

    b. To plead not guilty;

    c. To have a trial by an impartial jury;

    d. To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense; and

    e. To not be compelled to incriminate himself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2. The defendant waives rights b through e, listed above, and pleads guilty to Count One of the indictment, charging a violation of Title 18, United States Code, Section 545, Smuggling Goods into the United States.

3. The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4. The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5. The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against him. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offense.

7. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charge. The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

Rev. 8/13

8. A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

9. This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose. The defendant is pleading guilty because he is guilty.

10. The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

## PENALTY

11. The maximum penalty the Court could impose as to Count One of the Indictment is:

a. 20 years imprisonment;

b. A fine not to exceed $250,000;

c.  A term of supervised release of three years, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d.  A mandatory special assessment of $100.00; and

e.  Such restitution as may be ordered by the Court.

## SENTENCING

12. The Court will impose the sentence in this case. The United States Sentencing Guidelines are advisory and do not bind the Court. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

13. The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

14. The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

15. Both the defendant and the United States are free to allocute fully at the time of sentencing.

16. The defendant agrees to tender $100.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

## RESTITUTION

17. Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory. The defendant agrees to make full restitution in an amount to be determined by the Court at sentencing.

## FORFEITURE

18. As part of the Plea Agreement, the defendant has executed a Consent to Forfeiture which is incorporated herein by reference. The defendant agrees to confess the forfeiture to the United States of his interest in all properties which represent proceeds of his criminal activities or which facilitated any aspect of these illegal activities, including but not limited to thirty (30) firearms described as follows:

   a)   a Sporter 7.62 caliber rifle, serial number 039825;
   b)   a Smith & Wesson .357 Magnum, Serial number 144K476;
   c)   a Glock model 24, serial number WLK435;

5

- d) a Glock .40 caliber, serial number FME189;
- e) a Glock .40 caliber, serial number HHL536;
- f) a Hi-Point model 995 MM, serial number A15025;
- g) a Stevens model 550, 12 gauge, serial 101203J;
- h) a GP-WSR rifle, serial number 1963AB1632
- i) a Smith & Wesson .22LR, serial number 61961;
- j) a Ruger Carbine .40 calbier, serial number 48008050;
- k) a P30 pistol, serial number 16073;
- l) an SKS rifle, serial number 12212981;
- m) a Ruger model 1022, serial number 23775725;
- n) a Winchester model 74, .22 short, serial number 69522;
- o) a semi-automatic rifle, serial number 501537;
- p) a Ruger MK II .22 LR, serial number 219-48274;
- q) a Rough Rider .22, serial number B21138;
- r) a PAP M92, serial number M92PV046608;
- s) a Ruger .22 Carbine, serial number 250-00434;
- t) an Escort shotgun, serial number 024846;
- u) a Great American Game Series, serial number 6A001092;
- v) a Savage model 93, serial number 0228497;
- w) a Winchester rifle, serial number 675743;
- x) a Glenfield model 60, serial number 20481967;
- y) a Glcok 22, serial number AVP949;
- z) a CZ model 712, serial number 03A3883;
- aa) a Ruger MK II, serial number 211-47002
- bb) an SKS Lower Receiver, serial number AK4650;
- cc) an SKS Lower Receiver, serial number DV8225; and,
- dd) an SKS Lower Receiver, serial number EM4926.

## FINANCIAL OBLIGATIONS

19. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

6

## UNITED STATES' OBLIGATIONS

20. The United States will not bring any additional charges against the defendant related to the facts underlying the Indictment and will move to dismiss any remaining charges against the defendant once sentence is imposed in this case. This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

21. The United States will recommend to the Court that the defendant be sentenced at the low end of the advisory sentencing guideline range as determined by the Court.

## LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

22. As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

a. **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

(1) any sentence imposed in excess of the maximum statutory penalty provided by 18 U.S.C. § 922(g) (10 years) or 18 U.S.C. § 924(e) (life), whichever is deemed to apply by the court in its sole discretion at sentencing;

(2) any sentence which constitutes an upward departure or variance from the advisory guideline range.

The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

23. If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

24. The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

25. If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

## **VIOLATION OF AGREEMENT**

26. The defendant understands that if he breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant. In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

8

Rev. 8/13

and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 6/15/15

_Benjamin Meek Miller Childers II_
BENJAMIN MEEK MILLER CHILDERS II
Defendant

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offense(s) charged in the Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 6/15/15

_Domingo Soto_
DOMINGO SOTO
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 15-00083 |
| | ) | |
| BENJAMIN MEEK MILLER CHILDERS II) | | |

## FACTUAL RESUME

The defendant, **BENJAMIN MEEK MILLER CHILDERS II**, admits the allegations of Count One of the Indictment.

## ELEMENTS OF THE OFFENSE

**BENJAMIN MEEK MILLER CHILDERS II** understands that in order to prove a violation of Title 18, United States Code, Section 545, as charged in Count One of the Indictment, the United States must prove:

**First:** That the Defendant brought Lysergic Acid Diethylamide (LSD) into the United States;

**Second:** That the Defendant knew that the LSD should have been declared or reported to customs authorities as required by law;

**Third:** That the Defendant acted knowingly and willfully with intent to defraud the United States.

## OFFENSE CONDUCT

Defendant, **BENJAMIN MEEK MILLER CHILDERS II**, admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case. This statement of facts is provided solely to assist the Court in determining whether a factual

1

basis exists for **BENJAMIN MEEK MILLER CHILDERS II**'s plea of guilty. The statement of facts does not contain each and every fact known to **BENJAMIN MEEK MILLER CHILDERS II** and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

On March 3, 2015, Homeland Security Investigations (HSI) SA Matt Chakwin was notified by United States Customs and Border Protection (CBP) about a parcel that was intercepted and the contents field tested positive for Lysergic Acid Diethylamide (LSD). The package was destined for a specific post office box in Summerdale, Alabama 36580. The ultimate consignee of this parcel was V.H. Research into the holder of the PO Box revealed that the PO Box has not been held by V.H. since 2004. Since June 2004, the PO Box has been held by Benjamin CHILDERS. CHILDERS provided the following information in securing his use of the PO Box: Cascade Disability Management, with an address on Hwy 48, Fairhope, Alabama.

On March 11, 2015, SA Chakwin, as well as United States Postal Inspector Robert Gechijian contacted V.H. via a telephone number recovered from a commercial database. During the phone call with V.H., he stated that he held a PO Box in the South Alabama area about a decade ago or longer. V.H. stated that he has not failed to receive any packages since he left the area, that he had left a forwarding address, and that he had not ordered anything from overseas. V.H. gave both SA Chakwin and United States Postal Inspection Service (USPIS) Gechijian consent to open any mail in his name at the PO Box. On March 12, 2015, Inspector Gechijian and SA Chakwin opened the packages, and narcotics were recovered from some packages to include what appeared to be LSD, a white powder substance that field tested positive

2

Rev. 8/13

for cocaine, and "Cheeba Chews" described on the label to be Sativa and extremely potent. In total there were 10 packages opened, all containing suspected narcotics and what is described as an LSD Test Kit.

On March 31, 2015, while examining mail from the Netherlands, United States Customs and Border Protection (CBP) CEO Jablonski (Chicago, Illinois) opened a package containing 100 tiny squares of paper. These paper strips field tested positive for Lysergic Acid Diethylamide (LSD), a schedule I controlled substance. This parcel is described as a white padded envelope bearing a sticker in the center of the front side reading "B. Childress with an address on County Road 48, Fairhope, Alabama 36532, USA". In the top right corner of the front of the envelope are two stamps that state they are "Internationaal" and "Nederland". On March 31, 2015, the seized narcotics and parcel were sent from CBP Chicago, IL to Mobile, AL via FedEx.

On April 1, 2015, the parcel arrived in Mobile, Alabama. On April 2, 2015 a controlled delivery was executed in conjunction with a Federal Search Warrant. Additional narcotics believed to be hash, MDMA, and LSD were discovered along with suspected poppy seeds, marijuana seeds, and reading material and paraphernalia related to narcotics. CHILDERS had multiple products for the production of marijuana.

After being read his *Miranda* Rights and stating that he understood those rights as they had been read to him, CHILDERS made multiple statements to SA Chakwin and other law enforcement officers concerning drug possession, use, and smuggling. CHILDERS stated that he had used the internet to order narcotics. These narcotics were sent from both domestic and foreign vendors. CHILDERS stated that he was able to view a profile of the vendor and read reviews that pertain to where the narcotics would be shipped from, the potency and legitimacy of the narcotics, and statements of other people who have ordered from each vendor. CHILDERS stated that he used another person's name to have the mail delivered to his residence and PO Box. CHILDERS stated the reason for using another person's name was to be able to deny

3

knowledge of the contents of the package if it was intercepted by law enforcement. CHILDERS stated that he tried to use vendors that would ship from places where the narcotics were legal to attempt to avoid law enforcement becoming suspicious of the packages. CHILDERS stated that the LSD coming from foreign countries being intercepted by US Customs and Border Protection was odd because LSD should not have an odor which a K9 would pick up on. CHILDERS told SA Chakwin and other law enforcement officers that he had ordered an LSD test kit because he thought he had been ripped off by a previous order of LSD which did not give CHILDERS the desired effect of the psychedelic drug.

CHILDERS told SA Chakwin and other law enforcement officers that he has been using LSD since he was young. CHILDERS stated that he ordered such a large quantity of narcotics so that he could have a "lifetime supply" and not have to order more. CHILDERS admitted to self-medicating using narcotics in different amounts and mixing different types. CHILDERS said this was his way of trying to correct the mental health issues from which he said he suffered.

During the search of CHILDERS' residence thirty (30) firearms were discovered and seized. The firearms are specifically described in the Plea Agreement (Forfeiture, ¶ 18) and the Consent to Forfeiture executed by the Defendant is incorporated herein by reference.

In summary, from on or about March 3, 2015, continuing through April 2, 2015, the Defendant did knowingly and willfully bring goods (LSD) into the United States that should have been reported to customs authorities with the intent to defraud the United States.

AGREED TO AND SIGNED.

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

Date: June 11, 2015

MICHELE C. O'BRIEN
Assistant United States Attorney

4

Date: 6/01/15   _____
VICKI M. DAVIS
Assistant United States Attorney
Chief, Criminal Division

Date: 6/15/15   _____
BENJAMIN MEEK MILLER CHILDERS II
Defendant

Date: 6/15/15   _____
DOMINGO SOTO
Attorney for Defendant

5

# CONSENT TO FORFEITURE

I, BENJAMIN MEEK MILLER CHILDERS II, hereby certify that I am the owner of or in knowing ongoing actual legal possession of the following property seized by Homeland Security Investigations (HSI) from my residence located within the Southern District of Alabama on or about April 2, 2015:

a) a Sporter 7.62 caliber rifle, serial number 039825;
b) a Smith & Wesson .357 Magnum, Serial number 144K476;
c) a Glock model 24, serial number WLK435;
d) a Glock .40 caliber, serial number FME189;
e) a Glock .40 caliber, serial number HHL536;
f) a Hi-Point model 995 MM, serial number A15025;
g) a Stevens model 550, 12 gauge, serial 101203J;
h) a GP-WSR rifle, serial number 1963AB1632
i) a Smith & Wesson .22LR, serial number 61961;
j) a Ruger Carbine .40 calbier, serial number 48008050;
k) a P30 pistol, serial number 16073;
l) an SKS rifle, serial number 12212981;
m) a Ruger model 1022, serial number 23775725;
n) a Winchester model 74, .22 short, serial number 69522;
o) a semi-automatic rifle, serial number 501537;
p) a Ruger MK II .22 LR, serial number 219-48274;
q) a Rough Rider .22, serial number B21138;
r) a PAP M92, serial number M92PV046608;
s) a Ruger .22 Carbine, serial number 250-00434;
t) an Escort shotgun, serial number 024846;
u) a Great American Game Series, serial number 6A001092;
v) a Savage model 93, serial number 0228497;
w) a Winchester rifle, serial number 675743;
x) a Glenfield model 60, serial number 20481967;
y) a Glcok 22, serial number AVP949;
z) a CZ model 712, serial number 03A3883;
aa) a Ruger MK II, serial number 211-47002
bb) an SKS Lower Receiver, serial number AK4650;
cc) an SKS Lower Receiver, serial number DV8225; and,
dd) an SKS Lower Receiver, serial number EM4926

All of the above-described property was owned by me or in my knowing ongoing actual legal possession at my residence during my involvement in the smuggling offense to which I have entered a guilty plea in the United States District Court for the Southern District of Alabama, Criminal No. 15-00083, and during the period in which I was a user of illegal drugs.

For valuable consideration as stated in my plea agreement with the United States (to which this document is incorporated by reference) and after consulting with my below-named attorney, I hereby knowingly and voluntarily relinquish any and all right, title and interest in all of the above-described property. Further, I expressly consent to the forfeiture of all of the above-described property to the United States.

I understand that all of the above-described property will be forfeited to the United States. I voluntarily waive all constitutional, legal and equitable claims arising out of and/or defenses to the forfeiture of this property in any proceedings, including any claim of innocent ownership and any claim or defense under the Eighth Amendment, including any claim that it is an excessive fine. I agree not to contest the forfeiture on any other ground. I further agree not to petition for the remission or mitigation of the forfeiture. I further understand and agree to execute any necessary documents to complete my forfeiture of all of the above-described property.

I hereby agree to unconditionally release and hold harmless Homeland Security Investigations (HSI), the United States Attorney's Office for the Southern District of Alabama, and each of their agents, officers and employees from any and all claims, demands, damages, causes of action or suits, of whatever kind and description, and whatsoever situated, that might now exist or hereafter exist by reason of, regarding, growing out of or affecting, directly or indirectly, the seizure and forfeiture of all of the above described property.

Party Consenting to Forfeiture:

Name: Benjamin Meek Miller Childers II

Signature: *[signed]*

Date: 6/15/15

_____
Michele C. O'Brien
Assistant United States Attorney

_____
Domingo Soto
Attorney for the Defendant