IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 15-0083-WS |
| | ) |
| BENJAMIN MEEK CHILDERS, II, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on third party Rick Michael Cross's Motion for Return of Property (doc. 25).  The Motion is now ripe for disposition.

Defendant, Benjamin Meek Childers, II, was charged in an Indictment (doc. 13) filed on April 30, 2015, with smuggling LSD into the United States, in violation of 18 U.S.C. § 545, and with possession of a firearm by an unlawful drug user, in violation of 18 U.S.C. § 922(g)(3). The Indictment included a forfeiture allegation that purported to reach "any firearm and ammunition involved or used in the commission of the offense."  (Doc. 13, at 2.)  On June 15, 2015, Childers entered a guilty plea as to the § 545 charge and executed a Consent to Forfeiture (doc. 22, at 15-16) in which he confessed the forfeiture to the United States of his interest in some 30 enumerated firearms.  A Preliminary Order of Forfeiture (doc. 29) was entered on August 19, 2015, forfeiting Childers' interest in the subject firearms to the United States, subject to the right of third-party claimants to file petitions contesting the forfeiture and the resolution of such claims via ancillary proceedings pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c), Fed.R.Civ.P.  Childers will be sentenced by the undersigned on September 14, 2015.

On August 7, 2015, more than three months after the Indictment was issued, third-party claimant, Rick Michael Cross, filed a Motion for Return of Property pursuant to Rule 41(g), Fed.R.Crim.P.  Cross contends that 17 of the firearms in question actually belong to him, that they had no connection to the offenses for which Childers was indicted, and that they had merely been stored at Childers' home for safekeeping or repairs.  The Court agrees with the Government that Cross's exclusive remedy lies under the ancillary proceeding mechanism of § 853(n) and Rule 32.2(c), not a motion pursuant to Rule 41(g).  *See, e.g., Brown v. United States*, 692 F.3d

550, 552 (6th Cir. 2012) ("A third party's only avenue for protecting her interest is the procedure set forth in 21 U.S.C. § 853(n)") (citation and internal marks omitted); *United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005) ("Section 853(n) is the exclusive proceeding in which third parties may claim interests in property subject to criminal forfeiture."); *Sunrise Academy v. United States*, 791 F. Supp.2d 200, 204 (D.D.C. 2011) ("The statutory scheme governing criminal forfeiture proceedings thus affords third-party claimants only one avenue for asserting their interests in property allegedly subject to forfeiture: an ancillary proceeding held after the entry of a preliminary order of forfeiture in the criminal case."); *Chaim v. United States*, 692 F. Supp.2d 461, 471 (D.N.J. 2010) ("It is also clear that once there is an indictment with a forfeiture allegation, an innocent third party … cannot then commence a Rule 41(g) proceeding."). As the Eleventh Circuit has observed, "Section 853 affirmatively bars interference by non-party petitioners outside of the ancillary proceeding described in Section 853(n) and in Federal Rule of Criminal Procedure 32.2(c)." *United States v. Cone*, 627 F.3d 1356, 1358 (11th Cir. 2010).

In light of the foregoing authorities, if Cross wishes to litigate his claim of interest in 17 of the firearms identified in the Preliminary Order of Forfeiture in this criminal case, then he may do so by invoking the ancillary proceeding mechanism of § 853(n) and Rule 32.2(c), which he will have a full and fair opportunity to do in accordance with the terms of the Preliminary Order of Forfeiture entered last week. What Cross may not do, however, is circumvent those procedures and interfere in this criminal case via a Rule 41(g) Motion. Accordingly, Rick Michael Cross's Motion for Return of Property (doc. 25) is **denied** pursuant to 21 U.S.C. § 853(k), without prejudice to his ability to renew and pursue his claims of interest in and ownership of the 17 firearms in an ancillary proceeding, provided that he complies with the requirements of § 853(n), Rule 32.2(c) and the Preliminary Order of Forfeiture.

DONE and ORDERED this 26th day of August, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE